UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DWAYNE JOHNSON,

                    Petitioner,

vs.                                   Case No.  2:06-cv-79-FtM-29SPC

SECRETARY, DOC;

                    Respondent.
_____


**OPINION AND ORDER**

**I. Status**

Petitioner, Dwayne Johnson, (hereinafter "Petitioner" or "Johnson"), initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on January 31, 2006.[1]  Johnson challenges his July 27, 2001 state court judgment of conviction for Robbery Without an Firearm arising in the Twentieth Judicial Circuit Court, Collier County, Florida (case number 00-1452-CFA) for which he was sentenced to 30 years imprisonment as a habitual offender.  Petition at 1.[2]  The Petition raises a four-part claim of ineffective assistance of

_____

[1]The Petition (Doc. #1) was docketed and filed with the Court on February 6, 2006; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

[2]Unless specified otherwise, all page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

trial counsel stemming from trial counsel's failure to "depose state witnesses . . . conduct an adequate investigation of the case . . . emphasize another suspect, and impeach that suspect through prior inconsistent statements." Id. at 5. Petitioner refers the Court to his "Memorandum In Support of his Petition for Writ of Habeas Corpus" (Doc. #2, Petitioner's Memorandum) for the facts in support of this ground for relief. Id.

In accordance with the Court's Order to Show Cause (Doc. #6), and after being afforded an extension of time (Doc. #8), Respondent filed a Response to the Petition (Doc. #11, Response) on June 19, 2006. Respondent also filed a List of Exhibits (Doc. #13) identifying the documents in support of the Response, which were filed in paper format and include a copy of the transcripts from the underlying evidentiary hearing and four volume record on appeal (Exhs. 1-19). After being granted an extension of time (Doc. #17), Petitioner filed a Traverse to Respondent's Response (Doc. #18, Traverse), on July 24, 2006. This matter is ripe for review.

## II. Procedural History

Johnson was charged by Information with Robbery With a Firearm. Exh. #19, Vol. I at 19-20. Johnson was represented at trial by retained counsel, Anna Brown. After a jury trial held on February 21, 2001, the jury returned a verdict finding Johnson guilty of the lesser included offense of Robbery Without a Firearm. Id. at 81-82. On July 27, 2001, Petitioner was sentenced to a

minimum mandatory of 30 years imprisonment as a violent career criminal. Id. at 180-191.

Represented by retained counsel, Robert I. Barra, Johnson pursued a direct appeal raising four grounds of trial court error. Exh. 1. The State filed an answer brief. Exh. 2. Johnson filed a reply brief. Exh. #3. After hearing oral argument on the matter, the appellate court *per curiam* affirmed Johnson's conviction and sentence, without written opinion, on March 27, 2002. Exh. 5; Johnson v. State, 816 So. 2d 620 (Fla. 2d DCA 2002).

On November 1, 2002, retained counsel filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. Exh. 7. As addressed by the State in its Response, the Rule 3.850 Motion identified the following fours grounds for relief: 1) whether Johnson was denied effective assistance of counsel when his counsel allowed the photographic lineup to be introduced without objection; 2) whether Johnson was denied effective assistance of counsel when his counsel failed to object when Officer Holloway testified as to witness Adrian Requeina's out-of-court identification of Johnson in a pre-trial photographic lineup; 3) whether defense counsel was ineffective when his counsel failed to challenge the fact that Officer Holloway never testified that the photographic lineups contained the identical photographs that were submitted into evidence at trial; and 4) whether Johnson was denied effective assistance of counsel when his counsel failed to adequately investigate the facts and

circumstances regarding Adrian Requeina's testimony and failed to properly cross-examine Adrian Requeina. Exh. 8 at 1-2. The post-conviction trial court summarily dismissed grounds one and three of Petitioner's Rule 3.850 Motion, but granted an evidentiary hearing on grounds two and four. Exh. 9. In summarily denying ground one, the post-conviction court found as follows:

> In his first ground for relief, the Defendant claims his trial counsel was ineffective for failing to object to the admission of a photographic lineup during the testimony of Charles Patty. The Defendant alleges that Mr. Patty had identified the Defendant in a pre-trial photographic lineup and that his trial counsel should have objected on the ground that Mr. Patty had not testified at trial that the photographs being introduced by the State were the identical photographs shown to him at the pre-trial identification. This claim is refuted by the record. During the direct examination of Mr. Patty, the State showed him the photo lineup and asked him, "Was that shown to you by one of the officers?" (See Attachment "A," pp. 69-70 of transcript). Mr. Patty replied, "Yes. One at the police station." Because this claim is conclusively refuted by the record, the Court denies this ground for relief. <u>LeCroy v. Dugger</u>, 727 So. 2d 236, 239 (Fla. 1998)(holding postconviction motion can be denied without evidentiary hearing when record conclusively demonstrates no entitlement to relief).

Exh. 9 at 1-2. The post-conviction court found similarly with respect to ground three:

> In his third ground for relief, the Defendant claims his trial counsel was ineffective for failing to object to the fact that Officer Holloway never testified that the photographic lineup introduced at trial contained the identical photographs shown to Mr. Patty and Mr. Requeina when they made their out-of-court identifications of the Defendant. This claim is conclusively refuted by the record. During direct examination of Officer Holloway, the State handed the photo lineup to him and asked, "Did you show that to Adrian Requeina ?" (See Attachment "A," pp. 95-96). Officer Holloway replied, "Yes, sir." Officer Holloway then verified that on the back of the

lineup were the signatures of people who had viewed the lineup, including Mr. Requeina. The State asked Officer Holloway, "And underneath that is Mr. Patty with his signature?" Officer Holloway replied, "Yes, sir." The State then asked, "And they both picked out Dwayne Johnson from the lineup?" Officer Holloway answered, "Yes, sir." Because this claim is refuted by the record, the Court denies this ground for relief. LeCroy at 239.

Id. at 2-3.

The evidentiary hearing on grounds two and four was held on January 22, 2004, and February 5, 2004, at which Johnson was represented by counsel Barrar. Exhs. 10-11. On April 5, 2004, the post-conviction trial court issued a written order, denying grounds two and four of the Rule 3.850 motion. Exh. 12.

Petitioner, represented by new retained counsel, Michael D. Gelety, appealed the denial of his Rule 3.850 motion raising the following issues for appellate review: 1) post-conviction trial court erred in denying claims two and four of the Rule 3.850 motion after the evidentiary hearing; 2) post-conviction trial court erred in summarily denying claims one and three of the Rule 3.850 motion; and, 3) the recanted testimony of Requeina constitutes newly discovered evidence and mandates a new trial. Exh. #13. The State filed an Answer Brief. Exh. 14. On May 20, 2005, the appellate court affirmed, without written opinion, the trial court's orders denying Petitioner's Rule 3.850 motion. Exh. 15; Johnson v. State, 905 So. 2d 133 (Fla. 2d DCA 2005). Mandate issued on June 10, 2005. Exh. 16. On June 29, 2005, Petitioner filed a *pro se* motion seeking discretionary review by the Florida Supreme Court,

which was dismissed by the court for lack of jurisdiction on July 8, 2005.  Exhs. 17-18; Johnson v. State, 908 So. 2d 1057 (Fla. 2005).

### III.  Applicable § 2254 Law

Johnson filed his timely[3] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action.  Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007);  Penry v. Johnson, 532 U.S. 782, 792 (2001);  Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).  Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)."  Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).  See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law."  Bell v. Cone, 535 U.S. 685, 693 (2002).

### A.  Deference to State Court Decision

A federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v. Culliver, 527 F.3d

---

[3]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondent concedes that the Petition was timely filed.  Response at 6.  The Court agrees.

-6-

1144, 1146 (11th Cir. 2008).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, ___ , 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established

-7-

Federal law." <u>Wright v. Van Patten</u>, 128 S. Ct. 743, 747 (2008); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown</u>, 544 U.S. at 141; <u>Mitchell</u>, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520). The "unreasonable application"

inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046

(2001) (citation omitted).  An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim.  Davis v. Sec'y Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003).

## B.  Exhaustion

For a ground asserted by a petitioner to warrant review by a federal court under § 2254, the petitioner must have first afforded the state courts an initial opportunity to address any federal issues.  28 U.S.C. 2254(b)(1)(A).  This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal

constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001)); <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995)("exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

A petitioner must present the <u>same</u> claim to the state court that he now requests the federal court to consider. <u>McNair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005)(citations omitted); <u>Kelly v. Sec'y for the Dep't of Corr.</u>, 377 F. 3d 1317, 1343-44 (11th Cir. 2004). Thus, the exhaustion requirement is not satisfied if the claims raised before the state court were not raised in terms of federal law. <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996); <u>Jimenez v. Fla. Dep't of Corr.</u>, 481 F.3d 1337, 1342 (11th Cir. 2007). With regard to claims of ineffectiveness of trial counsel, a petitioner must have presented those claims to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" <u>Ogle v. Johnson</u>, 488 F. 3d 1364, 1368 (11th Cir. 2007)(citing <u>NcCnair v. Campbell</u>, 416 F.3d 1291, 1302 (11th Cir. 2005)).

If a petitioner fails to exhaust a claim, the court may dismiss the petition without prejudice to permit exhaustion, if appropriate. <u>Pliler v. Ford</u>, 542 U.S. 225, 227 (2004); <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982). Alternatively, the court has

the discretion to grant "a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." Ogle, 488 F.3d at 1370 (citations omitted).

## C. Procedural Default

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." Henderson, 353 F.3d at 891 (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)). A procedural default may also result from non-compliance with state procedural requirements. See Coleman v. Thompson, 501 U.S. 722, 729-30, reh'g denied, 501 U.S. 1277 (1991).

> Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. Wainwright v. Sykes, 433 U.S. 72, 85-86, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990), but only if the state procedural rule is regularly followed, Ford v. Georgia, 498 U.S. 411, 424, 111 S.Ct. 850, 112 L. Ed. 2d 935 (1991). . . .

Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), cert. denied, 127 S. Ct. 1823 (2007); see also Baldwin v. Johnson, 152 F.3d 1304, 1317 (11th Cir. 1998) (finding that federal courts may

not review a claim that a petitioner procedurally defaulted under state law if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and the bar presents an independent and adequate state ground for denying relief), <u>cert. denied</u>, 526 U.S. 1047 (1999). This is true where the appellate court silently affirms the lower court procedural bar since federal courts should not presume an appellate state court would ignore its own procedural rules in summarily denying applications for post-conviction relief. <u>Tower v. Phillips</u>, 7 F.3d 206, 211 (11th Cir. 1993).

A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. <u>House v. Bell</u>, 547 U.S. 518, 536-37 (2006); <u>Mize</u>, 532 F.3d at 1190. "Cause" ordinarily requires a petitioner to demonstrate "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir. 2003) (quoting <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999)). Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted. <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451-52 (2000). To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability

that the result of the proceeding would have been different."
Henderson, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892. This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson, 353 F.3d at 892. See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

## D. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an

-14-

objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688. Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure

-15-

to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV.  Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

The Court has reviewed the full post-conviction record, including the transcript from the evidentiary hearing and the trial transcript. The Court will cite to pertinent portions of the record and transcripts, to the extent relevant in assessing the various alleged instances of ineffectiveness of trial counsel that are raised in the Petition and that were properly exhausted in the state court.

In his Petition, Johnson identifies the following four instances of ineffective assistance of trial counsel: counsel failed to depose state witnesses; failed to conduct an adequate investigation of the case; failed to emphasize another suspect; and failed to impeach that suspect through prior inconsistent statements. Petition at 5. Petitioner refers the Court to his Memorandum for the facts in support of his claims. Id.

> In this case, [trial counsel] attorney Brown did not depose any of the State's witnesses in preparation for trial. Additionally, counsel did not investigate the photo lineup, or file a motion to suppress testimony about it. Although witness Requeina was suspected of being involved in the crime, counsel did not investigate this, and highlight the matter to the trial jury. Nor did counsel seek to impeach the testimony of Requeina, etc., or other investigating officers. More importantly, after Requeina showed up for trial to the absolute surprise of counsel, attorney Brown did not seek a beneficial disposition of the case through a ten year plea offer to Petitioner by the prosecution.

Memorandum at 6.

## A. Failure to Depose State's Witnesses and Advise of Plea Offer

Petitioner argues that trial counsel was ineffective for failing to depose state witnesses in his Petition. Petition at 5. In his Memorandum and Traverse, Petitioner asserts that counsel was also ineffective for failing to appraise Petitioner of a beneficial plea offer. Memorandum at 5; Traverse at 3.[4] Petitioner, however, did not fault trial counsel for failing to depose state witnesses

---

[4]In light of Clisby v. Jones, 960 F. 2d 925, 936 (11th Cir. 1992), the Court will address those constitutional violations referenced in Petitioner's Memorandum in an abundance of caution.

or for failing to present a plea offer in his Rule 3.850 motion. See generally Exh. 7. Instead, Petitioner's Rule 3.850 Motion identified only the following four instances of ineffective assistance of counsel: permitting a photographic lineup by the victim, Patty, to be introduced without objection; failing to object to Holloway's testimony concerning Requeina's alleged out-of-court identification of Petitioner; failing to properly and thoroughly cross-examine Requeina; and, failing to adequately investigate the facts and circumstances regarding Requeina's testimony. Exh. 7 at 2-4. A petitioner must exhaust each claim upon which he seeks relief to the state court prior to raising it in his federal habeas petition. Mancill v. Hall, 545 F.3d 935, 939 (11th Cir. 2008). Here, neither claim was raised by Petitioner in his post-conviction state court motion. Consequently, these two instances of ineffectiveness of counsel - - failure to depose state witnesses and present a plea offer - - are both unexhausted and procedurally barred. Id.; Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992)("[A] habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously."); Peoples v. Campbell, 377 F.3d 1208, 1239 (11th Cir. 2004). Petitioner has not shown either cause or actual prejudice to excuse his default. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003). Furthermore, Petitioner does not show that he is entitled to the fundamental miscarriage exception. Thus, the Court will

dismiss these two claims as unexhausted in the State court and procedurally barred.

## B.  Failure to Conduct Adequate Investigation; Cross-Examination

The post-conviction trial court disposed of Petitioner's claims that counsel failed to investigate the facts and circumstances of Raqueina's testimony, and also failed to properly cross-examine him at trial under the prejudice prong of Strickland. Exh. 12 at 3, ¶5.  Id.  In particular, the trial court found:

> The Defendant claims his trial counsel was ineffective for failing to investigate one of the state's witnesses, Adrian Requeina, and properly cross-examine him at trial. Specifically, the Defendant claims his counsel should have been aware that Mr. Requeina initially informed the police that he did not know who robbed the victim, but later named the Defendant as the person who committed the robbery.  The Defendant claims this change in Mr. Requeina's story came after he became a suspect in the case.  The Defendant contends that his counsel was ineffective for failing to impeach Mr. Requeina with his prior inconsistent statement. Furthermore, the Defendant claims his counsel was ineffective for failing to elicit information from Mr. Requeina that he was brought to the trial by the police and would not have appeared otherwise.
>
> Ms. Brown testified at the evidentiary hearing that she attempted to subpoena Mr. Requeina but was unable to locate him and therefore did not think that he would appear at trial. Ms. Brown further testified that she was surprised when Mr. Requeina did appear at trial and she asked the Court not to allow his testimony, or in the alternative to grant her a continuance. When this request was denied, Ms. Brown spoke briefly with Mr. Requeina prior to his testimony.  According to Ms. Brown, Mr. Requeina was clear about being at the scene and having seen everything. Finally, Ms. Brown stated she felt that Mr. Requeina's testimony actually helped the defense in this case.
>
> In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish two elements: counsel's performance was deficient and the deficient

performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668,687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Unless a defendant can make both showings, it cannot be said the conviction resulted from a breakdown in the adversary process that produced an unreliable result. Id. In order to establish prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. Id.

When a claim of ineffective assistance of counsel can be disposed of based on lack of prejudice, there is no need for a court to address the deficient performance prong. Waterhouse v. State, 792 So. 2d 1176, 1182 (Fla. 2001)(citing Kennedy v. State, 547 So. 2d 912, 914 (Fla. 1989)).

In the present case, the victim, Charles Patty, testified at trial that he was sitting on the hood of a car with Adrian Requeina the night of the robbery when the Defendant came up behind them, cocked a gun, put it in Mr. Patty's groin area and told Mr. Patty to give the Defendant all his jewelry (see attachment, p. 64 of transcript). Mr. Patty identified the Defendant in court (attachment, p. 67 of transcript).

The Court finds that even if counsel's performance was deficient, the Defendant cannot show a reasonable probability of a different outcome but for counsel's errors. The victim, Charles Patty, identified the Defendant as the person who robbed him at gunpoint. The State's case did not hinge on Mr. Requeina's testimony. In fact, Mr. Requeina even testified that the Defendant did not have a gun that night, which probably contributed to the jury returning a verdict for "robbery," and not finding that the Defendant committed robbery with a firearm (see attachment, p. 86 of transcript). Because the Defendant cannot establish prejudice, the Court denies his claim of ineffective assistance of counsel for failure to investigate and adequately cross-examine Adrian Requeina.

Exh. 12 at 3-4, ¶¶3-8. The appellate court affirmed the trial

court's ruling. Exh. 15. Because there are qualifying state court

decisions, the Court will apply the deferential standard for federal court review as required by AEDPA.

The trial court correctly recognized that <u>Strickland</u> governs ineffective assistance of counsel claims. Thus, as Johnson concedes in his Traverse, he cannot meet the "contrary to" test set forth in § 2254(d)(1). Traverse at 2. Instead, Johnson must demonstrate that the state court unreasonably applied <u>Strickland</u> or unreasonably determined the facts in his case. The Court finds Johnson has failed to carry his burden. The record reflects that the victim, Mr. Patty, testified on direct examination at trial as follows:

> Q: Did anything happen around 10 o'clock that night?
>
> A. I was sitting on the car, and I kind of noticed somebody walking up behind me but I didn't really think anything of it. And then Mr. Johnson came around the car, cocked a gun, put it in my groin area and told me to give him all my jewelry to him. So I did, so - -

Exh. 19, Vol. IV at 64. The victim then confirmed that the Defendant, Mr. Johnson, was the person who robbed him. <u>Id.</u> at 67. Here, Mr. Patty unequivocally identified Mr. Johnson as the robber. Mr. Requeina, who was only sixteen years of age at the time of trial, arguably testified favorably for the Defendant. Significantly, although Mr. Requeina testified that Mr. Johnson approached him and Mr. Patty the evening of the robbery, Mr. Requeina denied seeing Mr. Johnson with a gun and denied hearing Mr. Johnson demand Mr. Patty's jewelry. <u>Id.</u> at 86.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## C.  Failure to Object

Although not identified in his Petition, Petitioner, in his Memorandum, also cites to counsel's ineffectiveness in connection with her failure to object to Officer Holloway's testimony of Adrian Requeina's out-of-court identification of Johnson as impermissible hearsay.  Memorandum at 4.  Thus, as a precaution, the Court will address this ground.  <u>Clisby v. Jones</u>, 960 F. 2d at 936.  Petitioner did raise and exhaust this issue in the state court below.  Exh. 8.  The trial court similarly disposed on this claim under the prejudice prong of <u>Strickland</u> as well:

> Even if counsel had timely objected and prevented the officer from testifying as to the identification by Mr. Requeina from a photographic lineup, there was still testimony from Mr. Requeina in which he identified the Defendant in court as the person who robbed him and Mr. Patty (see attachment, p. 86 of transcript).  Again the Court finds that the Defendant cannot show a reasonable probability of a different outcome but for counsel's errors.  Because the Defendant cannot establish both prongs of the <u>Strickland</u> test, the Court denies this ground for relief.

Exh. 12 at 4, ¶9.

Here, again, Petitioner fails to demonstrate prejudice by his counsel's failure to object to Officer Holloway's testimony. Mr. Requeina identified the Defendant, Mr. Johnson, at trial, as the individual who approached Mr. Patty and himself the evening of the robbery. Exh. 19, Vol. IV at 86. Consequently, upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of this claim because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Based upon the foregoing, the Court will deny the instant Petition. Any other claim not specifically addressed is found to be unexhausted or without merit under the legal principles set forth above.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

2. The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this   18th   day of February, 2009.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record